WILLIAM P. DONOVAN, JR. (SBN 155881)
william.donovan@dlapiper.com
MATTHEW D. CAPLAN (SBN 260388)
matthew.caplan@dlapiper.com
**DLA PIPER LLP (US)**
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
CIGNA HealthCare-Pacific, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VERITAS HEALTH SERVICES, INC., et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY, et al.,<br><br>         Defendants. | CASE NO.  EDV-0901593-VAP-FMOx<br><br>*[Assigned to Hon. Virginia Philips]*<br><br>**DEFENDANT CIGNA HEALTHCARE-PACIFIC, INC.'S ANSWER**<br><br>Complaint Filed:   July 14, 2009<br>Trial Date:   Not Set |

Defendant CIGNA HealthCare-Pacific, Inc. ("CIGNA") answers the unverified Complaint of Plaintiffs Veritas Health Services, Inc., Prime Healthcare Anaheim, LLC, Prime Healthcare Huntington Beach, LLC, Prime Healthcare La Palma, LLC, Prime Healthcare Services II, LLC, Prime Healthcare Services III, LLC, and Prime Healthcare Centinela, LLC (collectively, "Prime") as follows:

## **PARTIES AND VENUE**

1. Answering paragraph 1, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 1.

2. Answering paragraph 2, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 2.

3. Answering paragraph 3, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 3.

4. Answering paragraph 4, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 4.

5. Answering paragraph 5, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 5.

6. Answering paragraph 6, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 6.

7. Answering paragraph 7, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 7.

1.     8.     Answering paragraph 8, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 8.

2.     9.     Answering paragraph 9, CIGNA is a California corporation with its principal place of business in California and is authorized to do business in California. CIGNA admits that prior to October 24, 2008, it was known as Great-West Healthcare of California. CIGNA otherwise denies all allegations in paragraph 9.

3.     10.     Answering paragraph 10, paragraph 10 asserts legal conclusions and argument to which no response is required. To the extent a response is required, CIGNA denies all allegations in paragraph 10.

4.     11.     Answering paragraph 11, paragraph 11 asserts definitions of terms to which no response is required. To the extent a response is required, CIGNA denies all allegations in paragraph 11.

5.     12.     Answering paragraph 12, paragraph 12 asserts legal conclusions and argument to which no response is required. To the extent a response is required, CIGNA denies all allegations in paragraph 12.

6.     13.     Answering paragraph 13, paragraph 13 asserts legal conclusions and argument to which no response is required. To the extent a response is required, CIGNA denies all allegations in paragraph 13.

## GENERAL ALLEGATIONS

14.     Answering paragraph 14, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 14.

15.     Answering paragraph 15, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 15.

16. Answering paragraph 16, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 16.

17. Answering paragraph 17, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 17.

18. Answering paragraph 18, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 18.

19. Answering paragraph 19, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 19.

20. Answering paragraph 20, CIGNA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and, on that ground, denies all allegations in paragraph 20.

## **FIRST CAUSE OF ACTION**

**(Common Counts – Quantum Meruit – Prime Anaheim Against All Defendants)**

21. Answering paragraph 21, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

22. Answering paragraph 22, CIGNA denies all allegations in paragraph 22.

23. Answering paragraph 23, CIGNA denies all allegations in paragraph 23.

24. Answering paragraph 24, CIGNA denies all allegations in paragraph 24.

25. Answering paragraph 25, CIGNA denies all allegations in paragraph 25.

26. Answering paragraph 26, CIGNA denies all allegations in paragraph 26.

## SECOND CAUSE OF ACTION

**(Money Due for Services Rendered – Prime Anaheim Against All Defendants)**

27. Answering paragraph 27, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

28. Answering paragraph 28, CIGNA denies all allegations in paragraph 28.

29. Answering paragraph 29, CIGNA denies all allegations in paragraph 29.

30. Answering paragraph 30, CIGNA denies all allegations in paragraph 30.

31. Answering paragraph 31, CIGNA denies all allegations in paragraph 31.

## THIRD CAUSE OF ACTION

**(Common Counts – Quantum Meruit – Prime La Palma Against All Defendants)**

32. Answering paragraph 32, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

33. Answering paragraph 33, CIGNA denies all allegations in paragraph 33.

34. Answering paragraph 34, CIGNA denies all allegations in paragraph 34.

35. Answering paragraph 35, CIGNA denies all allegations in paragraph 35.

36. Answering paragraph 36, CIGNA denies all allegations in paragraph 36.

37. Answering paragraph 37, CIGNA denies all allegations in paragraph 37.

## FOURTH CAUSE OF ACTION

**(Money Due for Services Rendered – Prime La Palma Against All Defendants)**

38. Answering paragraph 38, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

39. Answering paragraph 39, CIGNA denies all allegations in paragraph 39.

40. Answering paragraph 40, CIGNA denies all allegations in paragraph 40.

41. Answering paragraph 41, CIGNA denies all allegations in paragraph 41.

42. Answering paragraph 42, CIGNA denies all allegations in paragraph 42.

## FIFTH CAUSE OF ACTION

**(Common Counts – Quantum Meruit – Prime HB Against All Defendants)**

43. Answering paragraph 43, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

44. Answering paragraph 44, CIGNA denies all allegations in paragraph 44.

45. Answering paragraph 45, CIGNA denies all allegations in paragraph 45.

46. Answering paragraph 46, CIGNA denies all allegations in paragraph 46.

47. Answering paragraph 47, CIGNA denies all allegations in paragraph 47.

48. Answering paragraph 48, CIGNA denies all allegations in paragraph 48.

---

## SIXTH CAUSE OF ACTION

**(Money Due for Services Rendered – Prime HB Against All Defendants)**

49. Answering paragraph 49, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

50. Answering paragraph 50, CIGNA denies all allegations in paragraph 50.

51. Answering paragraph 51, CIGNA denies all allegations in paragraph 51.

52. Answering paragraph 52, CIGNA denies all allegations in paragraph 52.

53. Answering paragraph 53, CIGNA denies all allegations in paragraph 53.

## SEVENTH CAUSE OF ACTION

**(Common Counts – Quantum Meruit – Prime II Against All Defendants)**

54. Answering paragraph 54, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

55. Answering paragraph 55, CIGNA denies all allegations in paragraph 55.

56. Answering paragraph 56, CIGNA denies all allegations in paragraph 56.

57. Answering paragraph 57, CIGNA denies all allegations in paragraph 57.

58. Answering paragraph 58, CIGNA denies all allegations in paragraph 58.

59. Answering paragraph 59, CIGNA denies all allegations in paragraph 59.

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

### (Money Due for Services Rendered – Prime II Against All Defendants)

60. Answering paragraph 60, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

61. Answering paragraph 61, CIGNA denies all allegations in paragraph 61.

62. Answering paragraph 62, CIGNA denies all allegations in paragraph 62.

63. Answering paragraph 63, CIGNA denies all allegations in paragraph 63.

64. Answering paragraph 64, CIGNA denies all allegations in paragraph 64.

## NINTH CAUSE OF ACTION

### (Common Counts – Quantum Meruit – Prime III Against All Defendants)

65. Answering paragraph 65, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

66. Answering paragraph 66, CIGNA denies all allegations in paragraph 66.

67. Answering paragraph 67, CIGNA denies all allegations in paragraph 67.

68. Answering paragraph 68, CIGNA denies all allegations in paragraph 68.

69. Answering paragraph 69, CIGNA denies all allegations in paragraph 69.

70. Answering paragraph 70, CIGNA denies all allegations in paragraph 70.

/ / /

/ / /

## TENTH CAUSE OF ACTION

**(Money Due for Services Rendered – Prime III Against All Defendants)**

71. Answering paragraph 71, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

72. Answering paragraph 72, CIGNA denies all allegations in paragraph 72.

73. Answering paragraph 73, CIGNA denies all allegations in paragraph 73.

74. Answering paragraph 74, CIGNA denies all allegations in paragraph 74.

75. Answering paragraph 75, CIGNA denies all allegations in paragraph 75.

## ELEVENTH CAUSE OF ACTION

**(Common Counts – Quantum Meruit – Prime Centinela Against All Defendants)**

76. Answering paragraph 76, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

77. Answering paragraph 77, CIGNA denies all allegations in paragraph 77.

78. Answering paragraph 78, CIGNA denies all allegations in paragraph 78.

79. Answering paragraph 79, CIGNA denies all allegations in paragraph 79.

80. Answering paragraph 80, CIGNA denies all allegations in paragraph 80.

81. Answering paragraph 81, CIGNA denies all allegations in paragraph 81.

## TWELFTH CAUSE OF ACTION

**(Money Due for Services Rendered – Prime Centinela Against All Defendants)**

82. Answering paragraph 82, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

83. Answering paragraph 83, CIGNA denies all allegations in paragraph 83.

84. Answering paragraph 84, CIGNA denies all allegations in paragraph 84.

85. Answering paragraph 85, CIGNA denies all allegations in paragraph 85.

86. Answering paragraph 86, CIGNA denies all allegations in paragraph 86.

## THIRTEENTH CAUSE OF ACTION

**(Common Counts – Quantum Meruit – Veritas Against All Defendants)**

87. Answering paragraph 87, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

88. Answering paragraph 88, CIGNA denies all allegations in paragraph 88.

89. Answering paragraph 89, CIGNA denies all allegations in paragraph 89.

90. Answering paragraph 90, CIGNA denies all allegations in paragraph 90.

91. Answering paragraph 91, CIGNA denies all allegations in paragraph 91.

92. Answering paragraph 92, CIGNA denies all allegations in paragraph 92.

/ / /

/ / /

## FOURTEENTH CAUSE OF ACTION

**(Money Due for Services Rendered – Veritas Against All Defendants)**

93. Answering paragraph 93, CIGNA incorporates by reference its answers to paragraphs 1 through 20 above as though set forth fully herein.

94. Answering paragraph 94, CIGNA denies all allegations in paragraph 94.

95. Answering paragraph 95, CIGNA denies all allegations in paragraph 95.

96. Answering paragraph 96, CIGNA denies all allegations in paragraph 96.

97. Answering paragraph 97, CIGNA denies all allegations in paragraph 97.

## AFFIRMATIVE DEFENSES

CIGNA sets forth below its affirmative defenses. Each defense is asserted as to all causes of action against CIGNA. By setting forth these affirmative defenses, CIGNA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Prime. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Prime's allegations. As separate and distinct affirmative defenses, CIGNA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Exhause Administrative Remedies)

Prime have failed to exhaust their administrative remedies as required by law, including but not limited to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA").

### THIRD AFFIRMATIVE DEFENSE

(Preemption)

All or part of Prime's claims against CIGNA are preempted by federal law, including, without limitation ERISA and the Medicare Act, 42 U.S.C. §§ 1395, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

(Statutory Bar)

All or part of Prime's claims against CIGNA are barred by ERISA or other laws.

### FIFTH AFFIRMATIVE DEFENSE

(No Duty)

CIGNA owed Prime no duty based on the allegations in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(No Emergency Services)

The medical services Prime contend they provided did not constitute emergency services and/or care.

### SEVENTH AFFIRMATIVE DEFENSE

(Payment of Reasonable Value)

CIGNA paid Prime the reasonable and customary value for Prime's services at issue.

### EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

Prime have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which they are estopped to assert any claims or demands against CIGNA.

/ / /

/ / /

/ / /

### NINTH AFFIRMATIVE DEFENSE

(Waiver)

Prime waived any claims against CIGNA by, among other things, failing to timely and properly submit claims for the services at issue and for failing to timely and properly appeal the alleged underpayments.

### TENTH AFFIRMATIVE DEFENSE

(Laches)

The Complaint is barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint is barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Prime or of others that are attributable to Prime.

### TWELFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

CIGNA alleges, on information and belief, that this action against is barred by the applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Performance/No Breach)

CIGNA have fully performed any and all obligations or duties, if any, arising out of the allegations in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Set-Off)

CIGNA are entitled to a setoff against any damages owed by virtue of the conduct of Prime for any damages allegedly incurred by Prime.

/ / /

/ / /

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

If Prime suffered any damage, which CIGNA deny, Prime are not entitled to recover the amount of damages alleged or any damages because of their failure to act reasonably to mitigate the damages allegedly incurred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Misjoinder of Defendant)

CIGNA is not a proper defendant to this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Improper Joinder)

Prime have failed to join all proper parties to this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Prime would be unjustly enriched if allowed to recover on this Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Release)

The Complaint is barred by the doctrine of release.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Payment)

The Complaint is barred by the defense of payment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Plead with Particularity)

Prime's claims are barred because Prime have failed to plead their claims with the particularity required by the applicable rules.

/ / /

/ / /

/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Offset/Recoupment)

Without conceding that any act of CIGNA caused damage to Prime in any respect, CIGNA are entitled to offset and recoup against any judgment that may be entered for Prime all obligations of Prime owing to CIGNA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

The injury or damage suffered by Prime, if there be any, would be adequately compensated in an action at law for damages. Accordingly, Prime have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Authorization)

Prime seek recovery for medical services which were not authorized or medically necessary, as required by CIGNA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Not Members)

Prime seek recovery, in whole or in part, for services provided to patients who were not CIGNA members at the time the services were allegedly performed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Third-Party Responsibility)

Prime seek recovery, in whole or in part, for alleged medical services which are the responsibility not of CIGNA but of third-parties, including without limitation self-funded ASO plans as well as the patients and members at issue.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

CIGNA presently have insufficient knowledge or information upon which to form a belief whether they may have additional, yet unstated, affirmative defenses.

CIGNA reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

### **PRAYER FOR RELIEF**

CIGNA pray for entry of judgment in their favor and against Prime as follows:

1. That the Complaint be dismissed in its entirety with prejudice;
2. That Prime take nothing by way of their Complaint;
3. That CIGNA recover their costs and attorneys' fees as allowed by law; and
4. For such other and further relief as this Court deems just and proper.

Dated: August 26, 2009          DLA PIPER LLP (US)


By /s/ Matthew D. Caplan
   WILLIAM P. DONOVAN, JR.
   MATTHEW D. CAPLAN
   Attorneys for Defendant
   CIGNA HealthCare-Pacific, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA Piper LLP (US)
Los Angeles

WEST\21765550.2